UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CLAUDETTE WASHINGTON, ET AL.**                                        CIVIL ACTION

**VERSUS**

**EAGLE INC., ET AL.**                                                                NO. 23-01381-BAJ-SDJ

### ORDER

Considering the **Joint Status Report (Doc. 109)**, which reflects that Plaintiffs and Defendants Taylor-Seidenbach, Inc. ("Defendant Taylor-Seidenbach"), Goulds Pumps LLC ("Defendant Goulds Pumps"), ConocoPhillips Company ("Defendant ConocoPhillips"), Shell USA, Inc. (improperly named as "Shell Oil Company") ("Defendant Shell USA"), and Texaco, Inc. ("Defendant Texaco") have reached a compromise and settlement of all claims related to the above-noted Defendants in this matter,

**IT IS ORDERED** that Plaintiffs' claims against Defendants Taylor - Seidenbach, Goulds Pumps, ConocoPhillips, Shell USA, and Texaco be and are hereby **DISMISSED**, without prejudice to the right, upon good cause shown, within 30 days, to reopen the action, if the settlement is not perfected.

The Court's prior Order (Doc. 106) acknowledged that Plaintiffs and Defendants Viacom, Inc. ("Defendant Viacom"), General Electric Company ("Defendant General Electric"), and Foster Wheeler LLC ("Defendant Foster Wheeler") have reached a compromise and settlement of all

claims related to the above-noted Defendants in this matter, and ordered the Parties, upon perfection of settlement, to immediately file a joint stipulation of dismissal consistent with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(ii). Considering that Plaintiffs and the aforementioned-Defendants have not yet filed a joint stipulation of dismissal,

**IT IS FURTHER ORDERED** that Plaintiffs and Defendants Viacom, General Electric, and Foster Wheeler shall have an additional 30 days to provide good cause to reopen the above-captioned action if the settlement is not perfected.

**IT IS FURTHER ORDERED** that upon perfection of settlement, Plaintiffs and Defendants Taylor-Seidenbach, Goulds Pumps, ConocoPhillips, Shell USA, Texaco, Viacom, General Electric, and Foster Wheeler shall immediately file a joint stipulation of dismissal consistent with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(ii).

Considering that Plaintiffs have not yet served Defendants Eagle Inc. ("Defendant Eagle") and Defendant The Louisiana Insurance Guaranty Association ("Defendant LIGA") within the time period required by Fed. R. Civ. P. 4(m),[1]

**IT IS FURTHER ORDERED** that Plaintiffs may, within 30 days, submit a filing demonstrating good cause for the failure to timely effect service upon Defendants Eagle and LIGA. If Plaintiffs do not make such a filing within 30 days,

---

[1] Under Rule 4(m), "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure [to timely effectuate service], the court must extend the time for service for an appropriate period." *Rroku v. Cole*, 726 F. App'x 201, 207 (5th Cir. 2018).

2

the Court will dismiss Defendants Eagle and LIGA without prejudice or, alternatively, order that service be made within a specified time, as required by Fed. R. Civ. P. 4(m).[2]

Considering the Court's prior Order (Doc. 76) which stayed Plaintiffs' claims as to Defendant Hopeman Brothers, Inc. ("Defendant Hopeman"), only,

**IT IS FURTHER ORDERED** that Plaintiffs and Defendant Hopeman shall submit a Joint Status Report apprising the Court of the status of *In re Hopeman Brothers, Inc.*, Case No. 24-32428, United States Bankruptcy Court for the Eastern District of Virginia. In lieu of submitting a Joint Status Report, Plaintiffs may submit a filing that requests the dismissal of Defendant Hopeman from this action.[3]

---

[2] The Court acknowledges that Plaintiffs have indicated that they "are no longer pursuing claims against any defendants, including [Defendant] Eagle []" (Doc. 109 ¶ 4) and that "Counsel for Plaintiffs will provide the Court with necessary dismissal documents for remaining parties within thirty (30) days, including [] Eagle []." (*Id.* ¶ 4). However, the Court will not grant a stipulation of dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii) with respect to parties which Plaintiffs have not served.

[3] The Court acknowledges that Plaintiffs have indicated that "[t]he case against [Defendant Hopeman] ... will not go forward pursuant to Bankruptcy." (Doc. 109 ¶ 4). However, because this action is currently stayed with respect to Plaintiffs' claims against Defendant Hopeman pending the resolution of the aforementioned bankruptcy action, Plaintiffs must apprise the Court of whether they intend to dismiss Defendant Hopeman from this action or if they wish this action with respect to Defendant Hopeman to remain stayed pending the resolution of the bankruptcy case.

Considering that Plaintiffs have informed the Court that they are not proceeding to Jury Trial (Doc. 109 ¶ 4),

**IT IS FURTHER ORDERED** that the Jury Trial and all associated deadlines be and are hereby **CONTINUED WITHOUT DATE**.

Baton Rouge, Louisiana, this 22nd day of October, 2025

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA