UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLAUDETTE WASHINGTON, ET AL.                    CIVIL ACTION

VERSUS

EAGLE INC., ET AL.                              NO. 23-01381-BAJ-SDJ

### ORDER

Considering the Court's prior Order (Doc. 110), which dismissed Plaintiffs' claims against Defendants Taylor-Seidenbach, Inc. ("Defendant Taylor-Seidenbach"), Goulds Pumps LLC ("Defendant Goulds Pumps"), ConocoPhillips Company ("Defendant ConocoPhillips"), Shell USA, Inc. (improperly named as "Shell Oil Company") ("Defendant Shell USA"), and Texaco, Inc. ("Defendant Texaco") without prejudice to the right, upon good cause shown, within 30 days, to reopen the action, if the settlement was not perfected, and considering that Plaintiffs and the aforementioned Defendants have not made any filing requesting to reopen the action for good cause shown within the time period ordered by the Court,

**IT IS ORDERED** that Plaintiffs' claims against Defendants Taylor‑Seidenbach, Goulds Pumps, ConocoPhillips, Shell USA, and Texaco be and are hereby **DISMISSED WITHOUT PREJUDICE**, with each party to bear its own costs.

The Court's prior Order (Doc. 110) acknowledged that Plaintiffs and Defendants Viacom, Inc. ("Defendant Viacom"), General Electric Company ("Defendant General Electric"), and Foster Wheeler LLC ("Defendant Foster Wheeler") have reached a compromise and settlement of all claims related to the above-noted Defendants in this matter, and ordered the Parties, upon perfection of settlement, and within 30 days, to immediately file a joint stipulation of dismissal consistent with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(ii). Considering that Plaintiffs and the aforementioned Defendants have not yet filed a joint stipulation of dismissal within the additional 30 days allowed by the Court in its prior Order,

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendants Viacom, General Electric, and Foster Wheeler be and are hereby **DISMISSED WITHOUT PREJUDICE**, with each party to bear its own costs.

Considering that Plaintiffs have not yet served Defendants Eagle Inc. ("Defendant Eagle") and Defendant The Louisiana Insurance Guaranty Association ("Defendant LIGA") within the time period required by Fed. R. Civ. P. 4(m) and additionally have not submitted a filing demonstrating good cause for the failure to timely effect service upon Defendants Eagle and LIGA within 30 days, as required by the Court's prior Order (Doc. 110),

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendants Eagle and LIGA be and are hereby **DISMISSED WITHOUT PREJUDICE**, with each party to bear its own costs.

**IT IS FURTHER ORDERED** that Defendants Eagle and LIGA be and are hereby **TERMINATED** as Parties to this action. Plaintiffs' claims against Defendant Hopeman Brothers, Inc. ("Defendant Hopeman") are in no way affected by this Order.

Partial Judgment will be entered separately.

Considering the Court's prior Order (Doc. 110), which ordered Plaintiffs and Defendant Hopeman to submit a Joint Status Report apprising the Court of the status of *In re Hopeman Brothers, Inc.*, Case No. 24-32428, United States Bankruptcy Court for the Eastern District of Virginia, or a filing that requests the dismissal of Defendant Hopeman from this action,[1]

**IT IS FURTHER ORDERED** that Plaintiffs and Defendant Hopeman shall submit the aforementioned Joint Status report, or alternatively, a filing that requests the dismissal of Defendant Hopeman from this action, within 14 days of the issuance of this Order.

Baton Rouge, Louisiana, this 4th day of December, 2025

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[1] The Court acknowledges that Plaintiffs have indicated that "[t]he case against [Defendant Hopeman] ... will not go forward pursuant to Bankruptcy." (Doc. 109 ¶ 4). However, because this action is currently stayed with respect to Plaintiffs' claims against Defendant Hopeman pending the resolution of the aforementioned bankruptcy action, Plaintiffs must apprise the Court of whether they intend to dismiss Defendant Hopeman from this action or if they wish this action with respect to Defendant Hopeman to remain stayed pending the resolution of the bankruptcy case.